MEMORANDUM **
California state prisoner Terrence Brownlee appeals pro se from the district court’s judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference to his medical needs, discrimination based on his disability, and denial of access to the courts. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court’s dismissal pursuant to 28 U.S.C. § 1915A. Ramirez v. Galaza, 334 F.3d 850, 853-54 (9th Cir.2003). We affirm in part, vacate in part, and remand.
The district court properly dismissed most of Brownlee’s claims. However, accepting his allegations as true and construing the pro se complaint liberally, Brown-lee’s allegations that defendant Friederichs lifted the medical hold against transfer, the effect of which was to delay needed surgery and prolong his back pain, state a claim that Friederichs was deliberately indifferent to Brownlee’s serious medical needs. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.2006) (stating that a failure to respond to the prisoner’s pain or possible medical need, including a denial or delay in a prisoner’s medical treatment, may constitute deliberate indifference).
Accordingly, we affirm in part, vacate in part, and remand for further proceedings consistent with this disposition.
Brownlee’s remaining contentions are unpersuasive.
Brownlee shall bear his own costs on appeal.
AFFIRMED in part, VACATED in part, and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.